IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-43179-TLS |
| | ) | |
| TROY D. EUSE, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on January 26, 2011, on the objection to exemptions filed by First National Bank of Wahoo (Fil. #21). Joel G. Lonowski appeared for Debtor, and John M. Guthery appeared for First National Bank of Wahoo ("First National"). The parties were given the opportunity to submit post-hearing briefs, which have now been filed, and this matter is ripe for decision.

### *BACKGROUND*

Debtor filed Chapter 7 bankruptcy on October 21, 2010. On his Schedule C, he claimed exemptions in an IRA in the amount of $163,000.00 and a 401(k) plan in the amount of $240,000.00. Debtor asserted both exemptions under Neb. Rev. Stat. § 25-1563.01.[1]

After an objection by First National, Debtor filed an amended Schedule C claiming the IRA and the 401(k) exempt under both Neb. Rev. Stat. § 25-1563.01 and also under 11 U.S.C. § 522(b)(3)(C).

As a result of Debtor filing an amended Schedule C, the parties have agreed that the issue before the court at this point in time is: "Whether a Nebraska debtor can claim an exemption for an IRA and 401(k) (retirement funds) under 11 U.S.C. § 522(b)(3)(C), up to the amount established in 11 U.S.C. § 522(n), in addition to or in lieu of the Nebraska state exemption for pension, profit sharing, and similar plans under Neb. Rev. Stat. § 25-1563.01." However, it appears the actual question is whether the broad exemption for retirement funds under § 522(b)(3)(C)[2] can be claimed by a debtor in the District of Nebraska, which has rejected the federal exemption scheme of § 522(d) in favor of state exemptions.

---

[1] Neb. Rev. Stat. § 25-1563.01 exempts from attachment, garnishment, or other legal process certain interests of the debtor in, among other things, pension, profit-sharing, or similar plans or contracts (to the extent reasonably necessary for the support of the debtor).

[2] The exemption was added to the Bankruptcy Code as part of the Bankruptcy Abuse and Consumer Protection Act of 2005.

*DISCUSSION*

The Eighth Circuit Court of Appeals has recently described exemptions under the Bankruptcy Code as follows:

> When a debtor files for bankruptcy, a bankruptcy estate is established. *See* 11 U.S.C. § 541(a). The bankruptcy estate is generally deemed to include all of the debtor's legal or equitable interests in property at the time of filing. *See id.* § 541(a)(1). The Bankruptcy Code, however, permits the debtor to exempt certain property from the estate. *See Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S. Ct. 1561, 161 L. Ed. 2d 563 (2005). There are two separate exemption schemes. *See* 11 U.S.C. § 522(b)(1). Debtors may choose to take either (1) the exemptions listed in the Bankruptcy Code at 11 U.S.C. § 522(d); or (2) the exemptions found in applicable state law and federal law other than § 522(d). *See id.* § 522(b)(1)-(3). The debtor may choose only one of these options, to the exclusion of the other, and may not combine the two.

*Carpenter v. Ries (In re Carpenter)*, 614 F.3d 930, 931-32 (8th Cir. 2010).

However, the Bankruptcy Code also gave states the option of opting out of the Bankruptcy Code exemptions listed in § 522(d) and incorporated in § 522(b)(2). "Section 522(b) of the Bankruptcy Code permits states to opt out of the federal exemption scheme, thereby requiring debtors to claim the applicable state exemptions." *Id.* at 932 n. 1. In 1980, the State of Nebraska elected to "opt out" by rejecting the federal exemptions with Neb. Rev. Stat. § 25-15,105, which provides as follows:

> The federal exemptions provided in 11 U.S.C. 522, subsection (d), are hereby rejected by the State of Nebraska. The State of Nebraska elects to retain the personal exemptions provided under Nebraska statutes and the Nebraska Constitution and to have such exemptions apply to any bankruptcy petition filed in Nebraska after April 17, 1980.

Stated simply, since Nebraska elected to reject the § 522(d) exemptions, an individual debtor domiciled in Nebraska does not get a choice of exemption schemes. Such a debtor may only claim exemptions in the property listed in 11 U.S.C. § 522(b)(3), which is, in pertinent part: (A) any property that is exempt under federal law other than subsection (d) of § 522, or state or local law on the date of filing; (B) any interest in property the debtor had as a tenant by the entirety or joint tenant to the extent such interest is exempt from process under applicable nonbankruptcy law; and (C) retirement funds to the extent those funds are exempt from taxation under specified provisions of the Internal Revenue Code. The three subparagraphs are joined by the connector "and." Accordingly, the plain language of the statute indicates that a Nebraska debtor may claim as exempt all of the property described in all three subparagraphs of § 522(b)(3).

It is First National's position that the retirement fund exemptions in § 522(b)(3)(C), and an identical provision at § 522(d)(12), were added to the Bankruptcy Code as part of the 2005 amendments to protect debtors who do not otherwise have an applicable retirement fund exemption. As stated in its brief:

> The rationale for having added both (d)(12) and (b)(3)(C) is to cover those situations in which Federal exemptions are selected by a Debtor from a state that has not opted out of (d)(12) and to cover Debtors in states that have opted out which do not have any type of exemption for retirement funds. The addition of both (d)(12) and (b)(3)(C) is to make sure that in one venue or another state or federal, a Debtor has some retirement fund exemption.

Notwithstanding such definitive statements, First National does not provide a single citation or other reference to support its argument. First National's position seems to be that if a state has opted out of the 11 U.S.C. § 522(d) exemptions, then the debtor is limited to the state exemption scheme and only the state exemption scheme. That position is not supported by the Code.

As indicated previously, and as recognized by the Eighth Circuit Court of Appeals, 11 U.S.C. § 522(b)(1) very clearly gives the debtor the choice of exempting the property listed in subparagraph (2) or "in the alternative" the property listed in paragraph (3). A debtor's right to elect the exemptions listed in paragraph (2) (incorporating subsection (d)) is further limited by the right of a state to reject that choice. The State of Nebraska did reject the exemptions in (d), leaving individual debtors in the District of Nebraska with the exemption scheme described in 11 U.S.C. § 522(b)(3)(A)-(C). Therefore, such a debtor is entitled to claim the retirement fund exemption under § 522(b)(3)(C) in addition to exemptions under state law.

IT IS, THEREFORE, ORDERED that the objection to exemptions (Fil. #21) is overruled.

DATED: March 2, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Joel G. Lonowski
    *John M. Guthery
    Rick D. Lange
    United States Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.

Search terms: exemptions, retirement funds, Euse, IRA, 401(k), 522, 522(b), 522(b)(2), 522(b)(3), 522(b)(3)(A), 522(b)(3)(C), 522(d), 522(d)(12), 522(n), 25-15,105, 25-1563.01.